# IN THE COURT OF APPEALS OF IOWA

No. 21-0515
Filed July 20, 2022

**KEVIN NEVELLE JOHNSON,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Robert B. Hanson,
Judge.

Kevin Johnson appeals the dismissal of his application for postconviction
relief. **AFFIRMED.**

John Audlehelm of Audlehelm Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Jeffrey S. Thompson, Solicitor General,
and William A. Hill (until withdrawal), Assistant Attorney General, for appellee
State.

Considered by May, P.J., Greer, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2022).

**MAY, Presiding Judge.**

Kevin Johnson appeals an order dismissing his application for postconviction relief. Following a careful review of Johnson's brief, we conclude Johnson has presented no grounds for reversal. Indeed, Johnson does not request reversal.

Instead, Johnson asks us to remand because "the district court fail[ed] to adequately address the arguments" that Johnson made below. Specifically, Johnson claims we should remand so the district court may issue "a decision on the merits of Johnson's challenge to" Iowa Code section 903A.2(4) (2020). But when the district court fails to resolve an issue, the aggrieved party must bring that failure to the district court's attention through an Iowa Rule of Civil Procedure 1.904 motion or otherwise. *Meier v. Senecaut*, 641 N.W.2d 532, 539 (Iowa 2002). Johnson did not do so. As a result, the district court "was not given an opportunity to address its failure to rule on the issue either by making a ruling or refusing to do so." *Id.* So we conclude "[t]he preservation of error doctrine was not satisfied." *See id.* Therefore, we can provide no relief. *See Doe v. Roe*, No. 14-0490, 2015 WL 576060, at *2 (Iowa Ct. App. Feb. 11, 2015) ("Our error preservation rules are not legal bramble bush that serve no purpose other than ensnaring unwitting litigants. They are statutorily and functionally required because the court of appeals is a court for the correction of error. If a litigant fails to present an issue to the district court and obtain a ruling on the same, it cannot be said that we are correcting error." (internal citations omitted)). We affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**